IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Denise N., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Case No.: 3:22-cv-50119 |
| v. | ) | |
| | ) | Magistrate Judge Margaret J. Schneider |
| Leland Deduk, | ) | |
| Commissioner of Social Security,[1] | ) | |
| | ) | |
| *Defendant.* | ) | |

**MEMORANDUM OPINION AND ORDER**

Denise N. ("Plaintiff") brings this action under 42 U.S.C. § 405(g) seeking a reversal or remand of the decision denying his application for a period of disability and disability insurance benefits. For the reasons set forth below, the Commissioner's decision is affirmed.

**BACKGROUND**

**A. Procedural History**

Plaintiff protectively filed for period of disability and disability insurance benefits on September 28, 2018, alleging on onset date of September 13, 2018. R. 66. Plaintiff's application was denied initially on March 11, 2019, and upon reconsideration on August 14, 2019. R. 66, 76. On August 26, 2019, Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). R. 105. A hearing was held before ALJ Overstreet on October 28, 2020, in which Plaintiff appeared and testified while represented by counsel. R. 31. Stuart Gilkison, an impartial vocational expert ("VE"), also appeared and testified. *Id.*

On November 25, 2020, the ALJ issued her written opinion denying Plaintiff's claims for period of disability and disability insurance benefits. R. 15-26. Plaintiff appealed the decision to the Appeals Council but was denied on April 7, 2022. R. 1-3. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); Dkt. 5. Now before the Court are Plaintiff's motion for summary judgment [11], the Commissioner's motion for summary judgment and response to Plaintiff's motion [12], and Plaintiff's reply [13].

**B. The ALJ's Decision**

In her ruling, ALJ Overstreet applied the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 416.920(a)(4). At

---

[1] Leland Dudek is substituted for Martin O'Malley pursuant to Federal Rule of Civil Procedure 25(d).

step one, the ALJ found that Plaintiff had engaged in substantial gainful activity after the alleged onset date of September 13, 2018, specifically in the first quarter of 2019. R. 18. However, this substantial gainful activity did not bar Plaintiff's claim for a period of disability, so the ALJ continued through the five-step analysis. *Id.* At step two, the ALJ found that Plaintiff had the following severe impairments: inflammatory arthritis; degenerative joint disease; major depressive disorder; status post left rotator cuff tear; generalized anxiety disorder; and obsessive-compulsive disorder. *Id.* At step three, the ALJ found that none of these impairments or combination of impairments met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. *Id.*

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform light work with the following limitations: occasionally climbing ramps and stairs; frequent balance; no climbing ladders, ropes, or scaffolds; avoid workplace hazards such as unprotected heights and moving mechanical parts; occasionally reach overhead with left upper extremity; only simple tasks in a routine work environment, but not at a production rate pace; occasional changes in the workplace; and occasional interactions with supervisors, coworkers, and the general public. R. 21. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 24. In reliance on the VE's testimony, the ALJ found at step five that there were jobs that existed in the national economy that Plaintiff could perform. R. 25. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from the alleged onset date of September 13, 2018, through the date of the decision, November 25, 2020. R. 26.

## STANDARD OF REVIEW

The reviewing court evaluates the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120-21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). While substantial evidence is "more than a mere scintilla, . . . the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citation omitted). The substantial evidence standard is satisfied when the ALJ provides "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024) (internal quotation marks and citation omitted). An ALJ "need not specifically address every piece of evidence, but must provide a logical bridge between the evidence and [the] conclusions." *Bakke v. Kijakazi*, 62 F.4th 1061, 1066 (7th Cir. 2023) (internal quotation marks and citation omitted). *See also Warnell*, 97 F.4th at 1054.

The court will only reverse the decision of the ALJ "if the record compels a contrary result." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (internal quotation marks and citation omitted). The court is obligated to "review the entire record, but [the court does] not replace the ALJ's judgment with [its] own by reconsidering facts, reweighing or resolving conflicts in the evidence, or deciding questions of credibility. . . . [The court's] review is limited also to the ALJ's rationales; [the court does] not uphold an ALJ's decision by giving it different ground to stand upon." *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020).

2

## DISCUSSION

Plaintiff challenges the ALJ's decision on the grounds that the ALJ failed to give Plaintiff's treating physician's opinion "adequate weight" and improperly evaluated Plaintiff's subjective symptoms. As a preliminary matter, the Court notes that much of Plaintiff's arguments are undeveloped and difficult to follow, with only two citations to the ALJ's opinion in the short, three-and-a-half-page argument section of Plaintiff's opening brief. It is not the role of this Court "to research and construct the parties' arguments." *Gross v. Town of Cicero, Ill*, 619 F.3d 697, 704 (7th Cir. 2010); *see also Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("[P]erfunctory and undeveloped arguments… are waived." (citing *U.S. v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)). Rather, it is Plaintiff who has the "burden to show that the ALJ's decision is not supported by substantial evidence." *Olsen v. Colvin*, 551 F. App'x 868, 875 (7th Cir. 2014). Accordingly, the Court addresses the issues raised in Plaintiff's opening brief but will not speculate as to possible arguments Plaintiff may have been attempting to make but failed to support. The Court concludes that the ALJ appropriately weighed the medical opinions and evaluated Plaintiff's subjective symptoms and therefore the RFC finding was supported by substantial evidence.

### A. Weighing medical opinions

Plaintiff first argues that the ALJ disregarded the opinions of Plaintiff's treating physician, Dr. Sandler, in violation of Seventh Circuit precedent and Social Security regulations. Pl.'s Br. at 8-9, Dkt. 11. Specifically, Plaintiff challenges the ALJ's decision to selectively consider Dr. Sandler's opinions despite them being supported by medical evidence and consistent with clinical documentation. *Id.* at 9-10. Plaintiff does not point to any specific errors with the ALJ's evaluation or explain what limitations should have been included in the RFC based on these medical opinions but simply argues that the ALJ's determination was unsubstantiated.

Plaintiff asserts that the opinion of a treating physician "is generally entitled to great weight." *Id.* at 9 (citing 20 C.F.R. § 416.920c). However, for all claims filed on or after March 27, 2017, no "specific evidentiary weight, including controlling weight" is given to any medical opinions, even those of treating physicians. 20 C.F.R. § 416.920c(a). As Plaintiff filed her claim well over a year after March 17, 2017, the revised regulation applies.

Accordingly, an ALJ must "explain how [the ALJ] considered supportability and consistency factors" when evaluation a medical opinion and *may* explain their consideration of the remaining factors: relationship with claimant, specialization, and "other factors that tend to support or contradict the opinion." 20 C.F.R. § 416.920c(b)(2)-(c)(5). The required factors, supportability and consistency, are defined as follows:

(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

(2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

*Id.* § 416.920c(c)(1)-(2). Here, the ALJ applied the appropriate factors and properly evaluated Dr. Sandler's opinions. The ALJ explained that, because Dr. Sandler's December 2018 opinion "was time limited, it is less persuasive but consistent with [Plaintiff's] arthritis, but the undersigned finds that sedentary is not supported by the overall medical evidence record as [Plaintiff] was encouraged to exercise and was no longer restricted from working through April 2019." R. 23. As to Dr. Sandler's October 2018 opinion, the ALJ explained again that the opinion was time limited and thus less persuasive "but consistent with and supported by her arthritis and rotator cuff tear." R. 24.

Rather than point to any specific errors in this analysis, Plaintiff instead argues that the ALJ must explain her reasoning and cannot ignore entire lines of evidence. Pl.'s Br. at 9, Dkt. 11. However, Plaintiff argues only in generalities and does not explain what lines of evidence the ALJ allegedly ignored. The ALJ was only required to analyze the supportability and consistency of Dr. Sandler's opinions and that is exactly what was done here. R. 23-24. In fact, the ALJ found those opinions partially persuasive and included the limitation of occasional reaching overhead in the RFC.

Plaintiff further argues that Dr. Sandler's opinions *are* supportable and consistent, while also pointing to the other non-compulsive factors such as the treating relationship and Dr. Sandler's specialization. Pl.'s Br. at 9, Dkt. 11. Again, the treating relationship and specialization may be taken into consideration by the ALJ but need not be explicitly laid out in the ALJ's opinion. 20 C.F.R. § 416.920c(b)(2). Therefore, the ALJ's lack of reference to these factors is not error and does not warrant remand. As for Plaintiff's argument that Dr. Sandler's opinions are in fact supportable and consistent, this is simply a request to reweigh the evidence which this Court cannot and will not do. *Young v. Barnhart*, 362 F.3d 995, 1001 (7th Cir. 2004) ("Weighing conflicting evidence from medical experts, however, is exactly what the ALJ is required to do. And we may not re-weigh the evidence.") (internal citations omitted).

Plaintiff also fails to identify any limitations that she contends should have been included in the RFC that were not due to error in the ALJ's analysis of Dr. Sandler's opinions. Plaintiff points to Dr. Sandler's opinions as being supported by positive serology and positive HLA B27 arthropathy as well as the appropriateness of Dr. Sandler's specialty in rheumatology, seemingly suggesting support for Plaintiff's ankylosing spondylitis diagnosis. Pl.'s Br. at 9, Dkt. 11; *see also ankylosing spondylitis, diagnosis of.*, Att'y's Dictionary of Med., https://plus.lexis.com/api/permalink/6f765150-f7b1-4ebc-81da-ca6c1f6b2f3a/?context=1530671 (last visited Jan. 16, 2025). However, the ALJ properly evaluated this impairment and found it to be non-medically determinable "as objective medical testing or other objective findings did not support it." R. 18. Even if this analysis was flawed, "[i]t is unclear what kind of work restrictions might address [Plaintiff's ankylosing spondylitis] because [she] hypothesizes none." *Jozefyk v. Berryhill*, 923 F.3d 492, 498 (7th Cir. 2019). The ALJ accounted for this impairment despite finding it to be non-medically determinable (R. 18), and Plaintiff cites no evidence that any deficit caused by that impairment would require any further limitation.

In Plaintiff's reply, she further argues that the ALJ improperly evaluated Dr. Sandler's opinions as evidenced by the ALJ's adoption of some limitations from Dr. Sandler's opinions and not others without proper explanation. Pl.'s Reply at 2, Dkt. 13. However, an ALJ's role is to consider the entire record, including all relevant medical and nonmedical evidence, to make an

RFC determination. *See Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007). Thus, the ALJ is not required to approach a physician's RFC determination with an all or nothing mentality but rather "has the responsibility of resolving [] conflict" to make a proper RFC determination that encompasses Plaintiff's limitations. *Diaz v. Chater*, 55 F.3d 300, 306 n. 2 (7th Cir. 1995). Therefore, the ALJ did not err by adopting only parts of Dr. Sandler's opinions. Remand is not warranted on this basis.

## B. Subjective symptom analysis

Plaintiff's second argument is that the ALJ erred in her evaluation of Plaintiff's subjective symptoms. Pl.'s Br. at 10, Dkt. 11. Plaintiff alleges that the ALJ failed to point to any inconsistencies between her subjective symptoms and the evidence of record, resulting in the ALJ's disregard for Plaintiff's subjective reports unfair. *Id.* Plaintiff then points to Liberty Mutual's finding that she is disabled as further corroboration of her reported symptoms. *Id.* at 11.

A claimant's subjective symptoms "will be determined to diminish [their] capacity for basic work activities to the extent [they] can reasonably be accepted as consistent with the… evidence." 20 C.F.R. § 404.1529(c)(4). When assessing a claimant's subjective symptom allegations, an ALJ considers several factors, including the objective medical evidence, the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, course of treatment, and functional limitations. 20 C.F.R. § 416.929(c); SSR 16-3p, 2017 WL 5180304, at *5-8. Because of the unique position of the ALJ to observe the claimant, this Court will normally not disturb such a credibility determination when it is supported with explanation. *Nelson v. Apfel*, 131 F.3d 1228, 1237 (7th Cir. 1997). "As long as an ALJ gives specific reasons supported by the record, [this Court] will not overturn a credibility determination unless it is patently wrong." *Grotts v. Kijakazi*, 27 F.4th 1273, 1279 (7th Cir. 2022). An ALJ's assessment is patently wrong if the decision lacks any explanation or support. *Cullinan v. Berryhill*, 878 F.3d 598, 603 (7th Cir. 2017).

The ALJ's evaluation of Plaintiff's symptoms was adequately supported with evidence and explanation. Plaintiff points to the consistency of her own statements of her symptoms as evidence of their credibility. Pl.'s Br. at 10, Dkt. 11. While Plaintiff's own statements about her symptoms are certainly one piece of evidence to be considered, the ALJ will also look at all the other factors as outlined above. The ALJ determined that, while the record supported Plaintiff's complaints of mental and physical impairments, the record also indicated that her symptoms were not as disabling as alleged. The ALJ relied on records showing Plaintiff's improvements after physical therapy, normal health examinations, and her demeanor with the consultative examiner. R. 22-24, 19. The ALJ also cited Plaintiff's normal memory, her concentration in reading and writing daily, and her ability to continue with her activities of daily living such as getting to appointments, working part time, doing household chores, and feeding chickens. R. 19, 24.

Plaintiff contends that the ALJ failed to point to any inconsistencies with Plaintiff's statements about her activities of daily living. Pl.'s Br. at 10-11, Dkt. 11. During the hearing, Plaintiff testified that she had a good memory but struggles with concentrating when doing things like watching television and has to lie in bed most days. R. 49, 52. In her disability report, Plaintiff described her typical day to involve feeding pets, staying home reading and writing, going to the grocery store sometimes, but also regularly having difficulties getting dressed in the morning and cleaning the house. R. 222. She also described challenges with caring for herself and her need to

rely on her daughter to complete some tasks like cooking and cleaning. R. 224-225. Plaintiff further explained her daily reading and writing, crocheting when the pain is not too much, and occasional visits with friends. R. 227.

Activities of daily living are a necessary and proper factor for the ALJ to consider in a subjective symptom evaluation. 20 C.F.R. § 404.1529(c)(3). In looking at the ALJ's opinion as a whole, it is clear that the ALJ properly explained how she considered Plaintiff's daily activities and pointed to record evidence that was inconsistent with Plaintiff's statements. *See Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004) ("[W]hile the ALJ must have built a logical bridge from the evidence to his conclusion, we will nonetheless give the opinion a commonsensical reading rather than nitpicking at it.) (internal citations and quotations omitted). For example, the ALJ noted Plaintiff's testimony that she loses concentration while watching television but also pointed out that "she could read and write daily which requires concentration and persistence." R. 19. The ALJ also explained that Plaintiff's occasional visit with friends showed an ability to interact with others and her ability to get to appointments and shop showed some ability to manage herself. R. 19-20.

Plaintiff also argues that the ALJ should have considered the disability findings of Liberty Mutual and Lincoln Financial Group as further corroboration of her complaints. Pl.'s Br. at 11, Dkt. 11. However, the ALJ is not required to provide such an analysis. Since statements about whether a claimant is disabled go to a determination that is reserved for the Commissioner, such evidence "is inherently neither valuable nor persuasive." 20 C.F.R. 404.1520b(c)(3)(i); *see also Albert v. Kijakazi*, 34 F.4th 611, 616 (7th Cir. 2022). In fact, ALJs are specifically directed *not* to provide an analysis of such findings "[b]ecause a decision by any other governmental agency or a nongovernmental entity about whether you are disabled… is based on its rules," not those of the Social Security Administration. 20 C.F.R. § 404.1504.

Finally, Plaintiff argues that the ALJ may not disregard a claimant's statements about her symptoms solely based on a lack of objective medical evidence. Pl.'s Br. at 11, Dkt. 11. Plaintiff argues that "there is more than ample evidence to support [her] complaints and limitations." *Id.* Plaintiff does not, however, provide any citations to the record showing any instance of the ALJ disregarding Plaintiff's statements for lack of objective medical evidence. As such, this argument is forfeited as unsupported. *See Crespo*, 824 F.3d at 674 (noting that parties forfeit arguments that are perfunctory, undeveloped, and unsupported by pertinent authority); Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), Rule 5 ("A brief must support assertions of fact by citations to particular parts of the record.").

Even if this argument were not forfeited, a careful review of the ALJ's decision reveals that Plaintiff's allegation that her statements were disregarded for lack of objective medical evidence is inaccurate. While the ALJ certainly cited to objective medical records, she did not disregard any statements simply for lack of objective medical evidence. The ALJ regularly pointed to Plaintiff's own statements that she was doing better after physical therapy, her reports that she was ready to go back to work, and her daily activities. R. 19-24. Because Plaintiff's argument is both undeveloped and unsupported by the record, the Court finds no indication that the ALJ disregarded Plaintiff's statements simply for lack of objective medical findings.

Additionally, at no point in her opening brief or reply does Plaintiff explain what limitations should have been accounted for in the RFC but were not. *See Gedatus*, 944 F.3d at 905 (finding any alleged error in ALJ's RFC assessment harmless because the plaintiff "ha[d] not pointed to any medical opinion or evidence to show [her impairments] caused any specific limitations"). As such, Plaintiff has not provided the Court with any basis to remand the ALJ's opinion based on the ALJ's subjective symptoms analysis.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment is denied, and the Commissioner's motion for summary judgment is granted. The Commissioner's decision is affirmed. Final judgment will be entered accordingly.


Date: March 3, 2025                     Enter: _Margaret J. Schneider_
                                               Margaret J. Schneider
                                               United States Magistrate Judge